# DISTRICT COURT OF GUAM

RSA-TUMON, LLC,

    Plaintiff,

vs.

PITT COUNTY MEMORIAL HOSPITAL, INC. and SHERIF ANTOUN PHILIPS,

    Defendants.

CIVIL CASE NO. 20-00025

**ORDER**
Granting Motion for Remand

Pending before the court is Plaintiff's Motion for Remand and for Attorney's Fees and Costs ("Motion for Remand"). *See* ECF No. 4. The Plaintiff requested that the motion be set for hearing, *see id.* at 2, but the court finds that oral argument would not aid the court in determining the matter. Having read the motion and the record herein and reviewed relevant caselaw, the court hereby grants the Motion for Remand.

## BACKGROUND

On August 8, 2016, Pitt County Memorial Hospital ("PCMH") obtained a judgment against Sherif Philips ("Dr. Philips" or "Defendant Philips") in the amount of $12,781.25 in costs and $444,554.45 in attorneys' fees, plus post-judgment interest from July 17, 2014, from the General Court of Justice, Superior Court Division, Country of Pitt, States of North Carolina (the "North Carolina Judgment."). *See* Notice of Removal,[1] ECF No. 1, Compl. for Interpleader at ¶4.

On May 21, 2018, PCMH then filed a Complaint for Enforcement of Judgment against Dr. Philips in the Superior Court of Guam. *See Pitt Cty. Mem'l Hosp. v. Philips*, Superior Court of Guam Civil Case No. 0478-18. *Id.* at ¶5. On January 24, 2019, the Superior Court of Guam

---

[1] Defendant Philips captioned the Notice of Removal as a "Motion to Transfer." The court construes said motion and as Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446.

entered judgment against Dr. Philips. *Id.* PCMH then levied on Dr. Philip's share of RSA-Tumon LLC.[2] *Id.* at ¶7.

On July 7, 2020, Plaintiff RSA-Tumon LLC filed a Complaint for Interpleader with the Superior Court of Guam (the "Interpleader Action"). *See* Notice of Removal,[3] ECF No. 1, Compl. for Interpleader. In the Interpleader Action, the Plaintiff asserted that PCMH and Dr. Philips have competing claims over Dr. Philip's interest in the company and the distributions flowing therefrom. *Id.* The Plaintiff thus sought to deposit distributions with the Superior Court of Guam and to enjoin any transfer of Dr. Philip's interest through a sale. *Id.*

On July 13, 2020, Defendant Philips filed a Motion to Transfer, removing the Interpleader Action to this court. *Id.* According to Defendant Philips, he has "the right to remove his case for **Complete Diversity Jurisdiction And the disputed amount is over $75,000**." *Id.* at 2 (emphasis in original).

The Plaintiff's Motion for Remand was thereafter filed on July 30, 2020. *See* Mot. Remand, ECF No. 4.

To date, Defendant Philips has not file an opposition to the Motion for Remand, though the court notes that he has filed a Motion to Dismiss. *See* ECF No. 6. On November 10, 2020, the court stayed the Motion to Dismiss pending resolution of the Motion for Remand. *See* Order, ECF No. 14.

## LEGAL STANDARD

Removal of a state or local court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. §1441(a). "If at any time before final judgment it appears that the district court lack subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit has stated that "[a] motion to remand is the proper procedure for challenging removal. The removal statute is strictly construed, and any doubt about the right of

---

[2] Dr. Philips owns a five percent membership interest in RSA-Tumon LLC. *Id.* at ¶2.

[3] Defendant Philips captioned the Notice of Removal as a "Motion to Transfer."

removal requires resolution in favor of remand. The presumption against removal means that the defendant always has the burden of establishing that removal is proper." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (internal citations and quotations omitted).

## ANALYSIS

1. <u>Whether removal was proper</u>

In the Notice of Removal, Defendant Philips asserts that this court has diversity jurisdiction over the action. The Plaintiff contends that complete diversity between the parties is lacking and therefore this court is without jurisdiction.

In this case, the Plaintiff asserts it is "a Delaware limited liability company registered to do business in Guam[, with . . .] its principal place of business" located in Guam. Notice of Removal, ECF No. 1, Compl. for Interpleader at ¶1. The Ninth Circuit has held that "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The Plaintiff also asserts that Dr. Philips "owns a five percent (5%) membership interest" in the Plaintiff LLC. Notice of Removal, ECF No. 1, Compl. for Interpleader at ¶2. Thus, without regard to any other members of the Plaintiff LLC, the Plaintiff is a citizen of whichever state Dr. Philips is a citizen.

Generally, a

> natural person's state citizenship is . . . determined by determined by her state of domicile, not her state of residence. A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return. A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.

*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

Additionally, in *Anderson v. Watts*, the Supreme Court held that "[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary[.]" 138 U.S. 694, 706 (1891). *See also NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 614 (9th Cir. 2016) ("It is a longstanding principle that '[t]he place where a person lives is taken to be his domicile until facts adduced establish the contrary.'").

The Plaintiff's Complaint for Interpleader asserts that Dr. Philips is a "resident of Guam." *Id.* Dr. Philips has not refuted this assertion, nor has he presented any facts to establish that his

domicile is anywhere other than Guam. It appears that the Plaintiff and Defendant Philips are both citizens of Guam, and thus there is a lack of complete diversity in this action. The court finds that removal of this action was improper because this court does not have diversity jurisdiction in this case.

Furthermore, even if the court found that complete diversity between the parties existed, Section 1442(b)(2) – often referred to as the "forum defendant rule" – would restrict Defendant Philips' ability to remove the case to this court. Said statute provides that "[a] civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if *any* of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1442(b)(2) (emphasis added). As discussed above, Defendant Philips is a citizen of Guam, and thus Section 1442(b)(2) would prohibit him from removing the action from the Superior Court of Guam to this court.

Finally, the court finds that there is no independent basis for federal question jurisdiction over this action, since the Complaint for Interpleader does not allege any federal claims for relief. Defendant Philips, as the removing party, has failed to establish that removal was proper. Accordingly, the court grants the Plaintiff's request to remand this action back to the Superior Court of Guam.

    2. <u>Whether an award of fees and costs is just</u>

Having granted the request to remand, the Plaintiff's motion also asks the court to award it reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

Here, while Defendant Philips alleged this court had complete diversity, this was clearly false. As the Plaintiff asserts, had he "done the bare minimum and investigated the LLC's citizenship, including his own citizenship as a member, he would have discovered the lack of complete diversity present here." Mem. P.&A. in Supp. Mot. Remand at 7, ECF No. 4-1. Defendant Philips did not file an opposition to the Motion for Remand and has not refuted the

Plaintiff's assertion that there is a lack of complete diversity between the parties. Based on the record before it, the court finds that Defendant Philips lacked an objectively reasonable basis for seeking removal. Accordingly, the court grants the Plaintiff's request and orders Defendant Philips to pay the Plaintiff "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. §1447(c).

## CONCLUSION

Based on the above discussion, the court finds that it lacks subject matter jurisdiction over this action. Accordingly, pursuant to 28 U.S.C. § 1447(c), the court orders that this action be remanded back to the Superior Court of Guam.[4]

Additionally, the court grants the Plaintiff's request for an award of reasonable attorney's fees and costs incurred as a result of the removal. The court orders the Plaintiff and Defendant Philips to meet and confer about the fees and costs incurred by the Plaintiff in defending against the removal. If said parties cannot agree on a stipulated amount, Plaintiff shall file a brief of no more than three pages, accompanied by supporting exhibits and affidavits, setting forth its claim for fees and costs. Said brief is to be filed no later than 14 days after the issuance of this Order. Defendant Philips may then file a response brief of no more than three pages within 14 days after the filing of Plaintiff's brief. The Plaintiff may thereafter file a reply brief of no more than three pages no later than seven (7) days after the filing of Defendant Philips' brief. Although the court is remanding this action to the Superior Court of Guam, the court retains jurisdiction to determine the amount of fees and costs to be paid should the need arise because "the award of fees pursuant to section 1447(c) is collarateral to the decision to remand[, and t]he district court retain[s] jurisdiction after the remand to entertain [Plaintiff's] motion for attorney's fees." *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 445 (9th Cir. 1992).

IT IS SO ORDERED.



/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: Mar 30, 2021

---

[4] Any pending motion, including Defendant Philips' Motion to Dismiss, *see* ECF No. 6, shall be resolved by the Superior Court of Guam on remand.