# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RSA-TUMON, LLC, | CIVIL CASE NO. 20-00025 |
| Plaintiff, | |
| vs. | **ORDER** |
| PITT COUNTY MEMORIAL HOSPITAL, INC. AND SHERIF ANTOUN PHILIPS, | |
| Defendants. | |

Before the court is Defendant Sherif Antoun Philips's "Rule 59 § Rule 60(b) Set Aside Judgment Reply to Plaintiff Brief for Legal Fee & Cost and Motion to Strike the Legal Fees." *See* ECF No. 21. The court will address here Defendant Philips' motion to set aside judgment under Federal Rules of Civil Procedure 59(e) and 60(b), and it will address the legal fees in a separate order.

The Ninth Circuit has held that relief under Rule 59(e) is "an extraordinary remedy which should be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (quoting 12 James Wm. Moore *et al.*, *Moore's Federal Practice* § 59.30[4] (3d ed. 2000). A Rule 59(e) motion "may not be used to relitigate the same matters already determined by the court." 12 James Wm. Moore *et al.*,

1

*Moore's Federal Practice* § 59.30[6] (3d ed. 2015).

Rule 60(b) provides that a judgment may be set aside for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; . . . or (6) any other reason that justifies relief."

None of that exists here. Defendant Philips argues that there is diversity in this case because Plaintiff RSA-Tumon, LLC, is a Delaware company, Defendant Pitt County Hospital is a "North Carolina Hospital" and Defendant Philips is a resident of Guam for "almost 14 years". Mot. at 7, ECF No. 21. Defendant Philips also argues fraudulent misrepresentation of "RSA['s] ownership" *Id.* at 9, insisting that Plaintiff is not a Guam citizen for purposes of this court's diversity analysis. The court need not repeat its detailed analysis on this issue and instead refers Defendant Philips to this court's order dated March 30, 2021, ECF No. 15 at 3-4. Defendant Philips has not offered any new evidence that changes this court's analysis and ruling.

Defendant Philips' motion to set aside judgment under Rule 59 and Rule 60(b) is **DENIED**.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
    **Chief Judge**
**Dated: Jul 07, 2021**