# THE DISTRICT COURT OF GUAM

| | |
|---|---|
| RSA-TUMON, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>PITT COUNTY MEMORIAL HOSPITAL, INC. AND SHERIF ANTOUN PHILIPS,<br><br>Defendants. | CIVIL CASE NO. 20-00025<br><br>**ORDER RE ATTORNEY FEES AND COSTS** |

When this court granted the Motion for Remand, the court also granted Plaintiff's request for attorney fees and reimbursement of costs. *See* Order at 4-5, ECF No. 15. The court then ordered Plaintiff and Defendant Sherif Antoun Philips to meet and confer about the fees and costs incurred by Plaintiff in defending against the removal. *Id.* at 5. The parties were not able to agree on a stipulated amount and therefore, Plaintiff filed a supplemental brief with supporting exhibits and declaration. ECF No. 18. Plaintiff seeks a total amount of $4,577.25 for attorney fees and a total amount of $194.84 of reimbursable costs. *Id.* at 3-4.

In response, Defendant Philips argues that the attorney fees are "without verification", it is a "randan calculation", and that Plaintiff was "supposed to write the time when they started till they finished." ECF No. 21 at 10. The court finds Defendant Philips' arguments to be without

1

merit.

The Supreme Court has found that "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). This is known as the "lodestar figure," which is a "presumptively reasonable fee." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013). As the Supreme Court has previously held, the presumption is a "strong" one. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010). The court may then adjust the lodestar figure upward or downward based on the factors set forth in *Kerr* that are not subsumed in the lodestar calculation.[1] *Gonzalez*, 729 F.3d at 1202.

The party applying for fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. The party opposing the fees "has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits." *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992).

Time is reasonably expended on the litigation when it is "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Webb v. Bd. Of Educ. of Dyer County*, 471 U.S. 234, 242 (1985). Counsel has the burden to demonstrate that the number of hours spent was reasonably necessary to the litigation. *Hensley*, 461 U.S. at 437. Further, counsel bears the burden of submitting detailed time records justifying the hours claimed to have been

---

[1] The *Kerr* factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *cert. denied*, 425 U.S. 950 (1976).

expended. *Id.* Local Rule 54(c)(2)(A) requires that there must be adequate description of the services rendered, so that the court can evaluate the reasonableness of the requested fees.

Here, Plaintiff provided an itemized billing of the hours worked that includes a description of the work performed and by which attorney. *See* Decl. of Brennan, ECF No. 18-1 fn. 1[2] at 4; Ex. 2 to Decl. of Brennan, ECF No. 18-1 at 11-12. The court is satisfied with the detailed billing.

The associate attorney, Brennan, spent a total of 20.1 hours on the case while the supervising attorney, Arriola, spent a total of 2.1 hours reviewing Brennan's work. The actual work done by the two attorneys on defending against the removal was a total of 16.65 hours. That is approximately just two days' worth of work, which is not excessive and thus, this court finds these hours to be reasonable. Further, the actual work done on the attorney fees was a total of 5.55 hours. This is a little over half a day's worth of work and again, the court does not find this to be excessive and is in fact reasonable.

As to whether the rates are reasonable, an established standard for determining a reasonable hourly rate is the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (citation omitted). Brennan's rate was at $195 per hour in 2020 and as of March 1, 2021, was $200 per hour. *See* Brennan Decl. at 2, ECF No. 18-1. Brennan has approximately four years of legal experience. *Id.* Arriola's rate is at $300 per hour and has over 30 years of legal experience. *Id.* at 3.

The court had previously found that a rate of $250 is reasonable for Guam attorneys. *See Davis v. Guam*, 2019 WL 1512266 (D. Guam Apr. 8, 2019). The court had also previously found

---

[2] The chart contained in footnote 1 of Brennan's Declaration shows a total amount of $910.00. *See* Brennan Decl. at 4, ECF No. 18-1. This number is incorrect. It should be $1,110.00. Nonetheless, this does not increase the calculation, because the requested amount still adds up to the same number.

3

that a rate of $350 per hour with more experienced attorneys is reasonable. *See Paeste v. Guam*, 2013 WL 6254669 (D. Guam Dec. 3, 2013), *aff'd sub nom. Paeste v. Gov't of Guam*, 624 F. App'x 488 (9th Cir. 2015). Accordingly, the requested rates of $195, $200, and $300 in the present case are all reasonable.

Defendant Philips has not met his burden of rebuttal. There was no evidence submitted to this court to challenge the accuracy and reasonableness of the hours and rates charged. Defendant Philips' argument that Plaintiff was "supposed to write the time when they started till they finished", ECF No. 21 at 10, is simply not supported by any legal authority.

Based on the foregoing, the court finds that the attorney fees and reimbursable costs requested by Plaintiff are reasonable and shall be awarded as follows:

1. $4,577.25 in attorney fees; and
2. $193.34[3] in reimbursable costs.

The total award on Plaintiff's attorney fees and costs is $4,770.59.

**SO ORDERED.**

/s/ Frances M. Tydingco-Gatewood
    Chief Judge
**Dated: Jul 07, 2021**

---

[3] Plaintiff requests the amount of $194.84. ECF No. 18, at 4. This amount is not supported by Exhibit 2. *See* Ex. 2 to Brennan's Decl. at 13, ECF No. 18-1. The sum of $2.00, $0.50, $2.00, and $188.84 is $193.34.